**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00164 DOC (PLAx)                              Date:   January 28, 2011

Title: MARC B. VACCARO et. al. v. DAVID SPARKS et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                         NONE PRESENT

PROCEEDING (IN CHAMBERS):    Denying Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

      Before the Court is an Ex Parte Application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction filed by Plaintiffs Marc B. Vaccaro and Astrid G. Vanzon ("Plaintiffs") in the above-captioned case ("Applications").  For the reasons stated below, the Application is hereby DENIED.

    **I.**    **LEGAL STANDARD**

      "An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer* , 103 F. Supp. 978, 980 (D.D.C. 1952).  Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").  Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)). Alternatively, Courts have discretion to grant TRO's where "a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips strongly in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, - - F.3d - - -, 2010 WL 2926463 at *7 (9th Cir. 2010).

Furthermore, pursuant to Federal Rule of Civil Procedure 65(b)(1), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

## II. DISCUSSION

Plaintiff's *ex parte* Applications violate Local Rule Local Rule 7-19.1, which provides that for *ex parte* applications, "[i]t shall be the duty of the attorney so applying (a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed ex parte application and (b) to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court." The Application does not certify any effort to contact the other parties or counsel to this action. Rather, the Application simply states, vaguely, that "Plaintiffs are unaware whether Defendants or their counsel will oppose this *Ex Parte* Application." Pl.'s App. at 3.

Furthermore, pursuant to Federal Rule of Civil Procedure 65(b)(1), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In this case, the Declaration of Plaintiff's attorney David E. Outwater ("Outwater") describes the processes undertaken to find the agents of service for all Defendants. Outwater Decl., ¶ 2-8. Outwater, however, does not detail any efforts to provide notice. Nor does he state that notice was provided to any of the Defendants – even those for whom an agent of service was found. *See e.g. id.*, ¶¶ 5, 7 (stating that the "agent for service ... is David Sparks at 4482 Barranca Parkway, Suite 239, in Irvine, California.").

The issuance of a temporary restraining order without notice is a very drastic remedy, which the Court is not inclined to grant where the party seeking emergency relief has made insufficient efforts to comply with important procedural rules designed to provide protection to parties adversely affected by the issuance of a TRO.

## III.     DISPOSITION

In light of the above, Plaintiffs Applications are hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.