UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00164 DOC (PLAx)          Date:   February 1, 2011

Title: MARC B. VACCARO et. al. v. DAVID SPARKS et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT          NONE PRESENT

PROCEEDING (IN CHAMBERS):   Denying Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

      Before the Court is an Ex Parte Application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction filed by Plaintiffs Marc B. Vaccaro and Astrid G. Vanzon ("Plaintiffs"), as well as Applications for Writs of Attachement in the above-captioned case ("Applications") (Dockets 3, 15-20).  For the reasons stated below, the Applications are hereby DENIED.

    I.    **BACKGROUND**

      Plaintiffs allege that Defendants David Sparks, Sparks Realty & Investments, Inc., Wellington Grant, Ltd., Cedar I, LLC, Cedar II, LLC, WG Cal Investmetns II and Wellington Grant Notes I, LLC (collectively, "Defendants") perpetrated a fraudulent scheme designed to trick Plaintiffs into investing with them.  Plaintiffs' Complaint alleges causes of action for securities fraud, breach of fiduciary duty, fraud and deceit, negligent misrepresentation, breach of contract, accounting, and constructive trust.  With the instant Applications, Plaintiffs request that the Court enter a temporary restraining order ("TRO") freezing Defendants' assets, prohibiting Defendants from selling or otherwise transferring any property in their possession, requiring a full accounting of Defendants'

assets and of Plaintiffs' investment.[1]  Plaintiffs further request that the Court issue an Order to Show Cause why a preliminary injunction should not issue.

### Procedural Background

Plaintiffs filed their Applications on January 28, 2011.  The Court denied the Applications due to Plaintiffs failure to comply with the procedural requirements of Fed. R. Civ. P. 65 and Local Rule 7-19.1.  Order Denying Application for Temporary Restraining Order, Jan. 28, 2011 ("January 28 Order") (Docket 22).  On January 31, 2011, Plaintiffs submitted an amendment to its Applications which cured the procedural deficiencies identified by the Court in the January 28 Order.  Plaintiffs further requested that their Applications be deemed re-submitted.  The Court hereby GRANTS Plaintiffs' request to deem their Applications re-submitted.  The Court proceeds to consider the merits of the Applications.

### II.     LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952).  Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").  Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).  Alternatively, Courts have discretion to grant TRO's where "a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips strongly in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell,* - - F.3d - - -, 2010 WL 2926463 at *7 (9th Cir. 2010).

### III.    DISCUSSION

---

[1] Plaintiffs also request that the Court issue an order "prohibiting Defendants from altering, concealing, destroying and/or spoilating any documents, electronic or otherwise, that relate in any manner to Plaintiffs or the subject matter of Plaintiffs' complaint.  Spoilating or otherwise tampering with evidence is never permitted.  Plaintiffs do not need a specific court order to this effect.

Plaintiffs' TRO Application is properly denied because Plaintiffs have failed to show the possibility of irreparable injury if temporary relief is not granted. Plaintiffs' discussion of irreparable injury accounts for only one paragraph of their twenty-five page long memorandum in support of their TRO Application. In this paragraph, Plaintiffs conclusorily argue that, because the alleged facts in this case paint Defendant David Sparks as a fraudster "there is a substantial likelihood that [he] will flee the Court's jurisdiction [if temporary relief is not granted.]" Pl.'s Mem. at 20. The fact that Defendants may have been engaged in some sort of fraud does not automatically justify the issuance of an asset freeze. Plaintiffs allegations of injury are financial in nature and, therefore, compensable. In addition, although Plaintiffs speculate that a given defendant's willingness to commit a fraud evinces the same defendant's willingness to wrongfully dissipate assets or to flee the Court's jurisidiction, "[s]peculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). The only support that Plaintiffs offer for the specific claim that Defendants are likely to dissipate assets or flee the Court's jurisdiction is the conjectural assertion that "Sparks will go to any length to achieve his goal [of defrauding Plaintiffs]." Pl.'s Mem. at 20. Plaintiffs have failed to meet their burden of showing that they are entitled to the "drastic remedy" of emergency injunctive relief. *Youngstown Sheet,* 103 F. Supp. at 980.

### III.    DISPOSITION

In light of the above, Plaintiffs Application for a TRO and for an OSC Re: Preliminary Injunction are hereby DENIED.

Plaintiffs' Applications for Writs of Attachment are also DENIED.

The Clerk shall serve this minute order on all parties to the action.